IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| BRITTANY PITTS, | * |
| Plaintiff, | * |
| v | * CIVIL ACTION FILE NO. 5:07CV169/RS/EMT |
| JOSEPH R. FRANCIS; MRA HOLDING, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; AND MANTRA FILMS, INC., AN OKLAHOMA CORPORATION | * |
| Defendants. | * |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, Brittany Pitts (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and Demand for Jury Trial against the Defendants, and in support thereof states as follows:

**JURISDICTION VENUE AND PARTIES**

1.

Plaintiff, Brittany Pitts, is an individual who is a resident of Columbus, Muscogee County and the state of Georgia.

2.

Defendant, Joseph R. Francis, (hereinafter referred to as "Defendant Francis") is an individual who is a resident of Reno, Washoe County and the state of Nevada.

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PANAMA CITY, FLA.

2007 JUL 12 AM 11:45

KB
FILED

3.

Defendant, Mantra Films Inc. (hereinafter referred to as "Defendant Mantra"), is an Oklahoma corporation with its principal place of business in the state of California.

4.

Defendant, MRA Holding, LLC (hereinafter referred to as "Defendant MRA"), is a California Limited Liability Company with its principal place of business in the state of California.

5.

This court has jurisdiction over this action under 28 U.S.C. § 1332 based upon the diversity of citizenship between the Plaintiff and the Defendants, and that the damages of this action are in excess of the $75,000 (seventy-five thousand dollar) jurisdictional amount therein set forth, exclusive of interests and costs.

6.

All Defendants are subject to the personal jurisdiction in the state of Florida pursuant to Florida Statute § 48.193(2) as they each conduct continuous and systematic business activities within the state of Florida, including filming and distributing the video at issue in the state of Florida. Furthermore, Defendants have engaged in actions and committed torts both inside the state of Florida, including within this jurisdiction, as well as outside the state of Florida, which have caused injury to the Plaintiff, and are thusly subject to personal jurisdiction in the state of Florida pursuant to Fla. Stat. § 48.193(1).

7.

Venue is proper in this district under 28 U.S.C. § 1391 and 18 U.S.C. § 1965 as a substantial part of the events giving rise to this claim occurred in this district, Plaintiff's cause of action accrued in this district, and the Defendants reside in this district for venue purposes.

## SUBSTANTIVE FACTUAL ALLEGATIONS

8.

Defendants produce, market, distribute and sell videos and DVDs under the trade name "Girls Gone Wild." The videos and DVDs generally produced and marketed by Defendants under the "Girls Gone Wild" name depict females in a variety of settings exposing themselves and participating in sexually graphic conduct, including lesbian acts.

9.

The videos and DVDs have a reoccurring theme of luring and convincing otherwise reluctant females to participate in exploitive and sexual acts depicted in the videos. The Defendants and others acting in concert with them have developed and employed various schemes and tactics to coerce females to be videotaped performing such acts.

10.

One such tactic commonly employed by Defendants and those acting in concert with Defendants is to provide alcoholic beverages or other substances to females or to approach females under the influence of some intoxicant and coerce the females to otherwise engage in conduct that they would not normally have performed. Another tactic, as evidenced by Defendants' criminal conduct of failing to document the age of certain participants, is to

approach minors who are away from their parents and particularly susceptible to coercion and pressure them into exposing themselves.

11.

On or about April 2003, Plaintiff was on vacation at Panama City Beach, Florida during her spring break vacation. On or about said date and time period, Plaintiff was sixteen (16) years of age and a sophomore in high school in the State of Georgia.

12.

On said date, Plaintiff was socializing with friends and new acquaintances on the beach in Panama City when she was approached by Defendant Joe Francis as an agent and representative of Defendant Mantra Films and Defendant MRA. Defendant Francis and another agent of the Defendants coerced Plaintiff into exposing her breasts while being filmed in return for a single t-shirt.

13.

At the time of these events, Plaintiff did not understand the magnitude of her actions or the magnitude in which her image and likeness would be displayed in the videos and DVDs produced and distributed by Defendants.

14.

Defendants did not explain in any way to Plaintiff the magnitude of her actions and the magnitude in which her image and likeness would be displayed in the videos and DVDs produced and distributed by Defendants, nor did Plaintiff realize this being only 16 years old.

15.

Plaintiff specifically did not consent to any use of her likeness or image in any manner to be used for the advertisement or commercial gain of the Defendants. Moreover, Plaintiff asserts

that she did not consent to her likeness or image being used in the body of the videos in that due to her age and state of mind at the time of filming, which was known or should have been known to Defendants, Plaintiff was incapable and incompetent to make a valid consent.

16.

Defendants have used Plaintiff's likeness and image through a still photograph of the obtained video footage for the commercial benefit and advertisement of the Defendants' videos and DVDs, specifically that for the video called "Girls Gone Wild - Best of Ultimate Spring Break Volume 2" wherein Plaintiff's image and likeness are prominently displayed and shown on the cover of said video and DVD packages, essentially making Plaintiff the cover girl and face of "Girls Gone Wild – Best of Ultimate Spring Break Volume 2," without Plaintiff's consent. Furthermore, Plaintiff's likeness and image have been used in other advertising and marketing media without Plaintiff's consent.

17.

The videos and DVDs referenced herein have been marketed, advertised, distributed and sold by the Defendants throughout the United States and throughout the world, specifically within the state of Florida and within this district. The video in which Plaintiff appears and on which she has without consent been made the cover girl, was first distributed in Florida in August 2003.

18.

Defendants have financially gained by the unauthorized use of Plaintiff's likeness and image on the cover of the video at issue in the advertising and marketing of its products in general and specifically that of the video called "Girls Gone Wild - Best of Ultimate Spring Break Volume 2."

19.

Defendants have financially gained by the other unauthorized use of Plaintiff's likeness and image in the advertising and marketing of its products in general and specifically that of the video called "Girls Gone Wild - Best of Ultimate Spring Break Volume 2."

## COUNT ONE—UNJUST ENRICHMENT

20.

Plaintiff re-alleges and incorporates herein by reference in this Count One, the allegations contained in Paragraphs set forth above.

21.

Defendants marketed, distributed and sold the above identified video and DVD for income and profit. Said income and profit was an unjust enrichment to the Defendants by the unauthorized use of Plaintiff's likeness and image on the cover of the videos and DVDs and other marketing and advertisement means.

22.

Based upon the Defendants' unauthorized use of Plaintiff's image and likeness for the sale and profit regarding said videos and DVDs in conjunction with Defendants' failure to provide any reasonable and fair compensation to Plaintiff, the Defendants have received and appreciated benefits under the circumstances by which it would be unfair and unjust for Defendants to retain such benefits.

23.

As a direct and proximate result of the Defendants unjust enrichment, the Plaintiff has suffered damages, and therefore requests this Court enter judgment against the Defendants for damages, costs and interest, and any further relief deemed reasonable and just by this Court.

## COUNT TWO—CIVIL ACTION UNDER FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("DUTPA")

24.

The Plaintiff hereby adopts and incorporates by reference in this Count Two, the allegations contained in Paragraphs set forth above.

25.

This is an action for declaratory and injunctive relief pursuant to Florida Deceptive and Unfair Trade Practices Act, Florida Statute § 501.201(et. seq.) against all Defendants. Accordingly, Plaintiff seeks damages authorized under said act against the Defendants.

26.

Florida's Deceptive and Unfair Trade Practices Act, makes it unlawful for "unfair methods of competition, unconscionable acts or practices and unfair or deceptive acts or practices in a conduct of any trade or commerce." Specifically, Defendants have engaged in activities in the state of Florida and within this district which violate said statue by acting in concert and conspiracy with others to coerce individuals, including Plaintiff, to engage in conduct that is graphic or sexual in nature. Defendants failed to properly advise and inform said individuals, including Plaintiff, of their intent regarding the use and exposure of Plaintiff's

likeness and image in the body of such videos and DVDs to be marketed, distributed and sold in this district and across the world. Defendants additionally failed to advise, inform or otherwise notify Plaintiff of their intent to use her image and likeness without her consent, including on the cover of such videos, and in the marketing and advertisement of said videos or DVDs. The Defendants have profited from the filming, production, distribution and sale of the videos and DVDs. Defendants have also deceptively placed Plaintiff's smiling image on the cover of their video, thereby creating the false impression that Plaintiff endorses and approves of the graphic, sexual content, including lesbian acts, contained in the video, which in reality she does not. Defendants' and their representatives' actions are taken knowingly, intelligently and with a purpose to deceive or misinform the subjects of their videos, including Plaintiff, and others.

27.

As a direct and proximate result of the activities and conduct in violation of Florida's Deceptive and Unfair Trade Practices Act, Plaintiff is an aggrieved person as defined by said statute and has suffered damages within the meaning of said statute.

28.

Plaintiff seeks to recover actual damages against Defendants as well as reasonable attorney's fees and court costs under Florida Statutes § 501.211 and 501.2105. Plaintiff further seeks that declaratory judgment and injunctive relief against all Defendants declaring said actions described herein by Defendants to be a violation of Florida's Deceptive and Unfair Trade Practices Act and enjoining Defendants and those acting on their behalf from such conduct.

29.

Plaintiff specifically requests the Defendants be enjoined from the following conduct:

A) Providing alcohol to individuals under twenty-one (21) years of age in violation of Florida Statutes § 562.11 (1)(a);

B) Providing alcohol to any person in an attempt to cause such person to engage in graphic or sexual conduct or in an effort to coerce such person to engage in such acts that the person had previously refused or otherwise would not have performed;

C) By exploiting any person under twenty-one (21) years of age who appears to be under the influence of any intoxicant and coercing such person to engage in any graphic or sexual acts or conduct in which they otherwise would likely not perform;

D) From inducing any person to perform or take action which is to be video taped through false representation;

E) To be enjoined from obtaining any video footage of any person engaging in graphic or sexual conduct who is a minor and who is unable to provide lawful consent;

F) And or otherwise engaging in any deceptive conduct or other acts constituting a violation of Florida Statute § 501.204 in the context of obtaining, manufacturing, distributing or selling any video, film or DVD for commercial purposes.

## COUNT THREE—ACTION FOR UNAUTHORIZED PUBLICATION OF LIKENESS UNDER STATUTE § 540.08

30.

The Plaintiff hereby adopts and incorporates by reference in this Count Three, the allegations contained in all of the Paragraphs set forth above.

31.

This action is for the unauthorized publication of one's likeness or image under Florida Statute § 540.08.

32.

The Defendants have individually, and in conjunction with each other and others, published, printed, displayed or distributed publicly or otherwise used Plaintiff's likeness and image for the purposes of commercial and advertisement gains without the expressed written or oral consent of the Plaintiff. This action as well as the filming and distribution of the Defendants' videos have occurred in the State of Florida.

33.

Specifically, Defendants have used Plaintiff's image and likeness on the cover of their video, DVD to wit "Girls Gone Wild - Best of Ultimate Spring Break Volume 2." Defendants have featured Plaintiff on the cover of said videos and DVDs as an advertisement and promotional feature. Furthermore, Plaintiff has reasonable belief that her image and likeness has otherwise been used as promotional advertisement purposes for this and other similar videos/ DVDs of Defendants.

34.

Defendants have used Plaintiff's likeness and image for their commercial and advertising gain without consent of Plaintiff and has published, distributed, displayed and sold said videos world wide as well as in this district. Said use of Plaintiff's image without consent of Plaintiff for the commercial, advertising and promotional benefit of Defendants, violates Florida Statute § 540.08.

35.

Defendants have used Plaintiff's likeness and image for their commercial and advertising gain without consent of Plaintiff in a manner so that it implies that she has endorsed the product and all of the conduct which is depicted within the body of said film, video or DVD, including graphic sexual conduct and acts of lesbianism. Plaintiff does not endorse the product and all of the conduct which is depicted within the body of said film, video or DVD.

36.

As a direct and approximate result of Defendants' actions, the Plaintiff has suffered damages and herein seeks to recover damages for all of her losses and injuries caused by Defendants' conduct, including an amount which would amount to a reasonable fee or royalty along with punitive, as Defendants' actions were willful, wanton, and in reckless disregard for the health, safety and well-being of Plaintiff, and other damages as set for in Florida's Statute § 504.08 (2).

## COUNT FOUR—ACTION FOR COMMERCIAL MIS-APPROPRIATION OF ONE'S LIKENESS

37.

The Plaintiff hereby adopts and incorporates by reference in this Count Four, the allegations contained in the Paragraphs set forth above.

38.

This cause of action is based on Florida Common Law for Commercial Mis-Appropriation of One's Likeness.

39.

Defendants have individually, collectively and in conjunction with other parties filmed, produced, published, advertised, promoted, distributed and sold videos and DVDs containing the likeness of the Plaintiff for the commercial gain of the Defendants without providing any reasonable compensation to Plaintiff.

40.

Defendants have also used Plaintiff's likeness for the advertisement and promotion of such products in which Plaintiff has no involvement, does not otherwise participate and is does not endorse. Plaintiff did not consent to the use of her likeness through the photograph or videotape of herself for the promotion or advertisement gain of such products.

41.

To the extent of any such consent being given by Plaintiff, it was improperly obtained, coerced, obtained through false pretenses by Defendants or by those acting on behalf of Defendants. Furthermore, Plaintiff contends that she was legally incompetent to give valid consent or be bound by any contractual agreement due to her being a minor child of sixteen (16) years of age at the time of the event.

42.

Defendants have financially profited by the unauthorized use of Plaintiff's likeness and image and the mis-appropriation of her likeness and image as set forth above.

43.

Defendants therefore have commercially exploited the property value of Plaintiff's likeness, image and personality without the consent of Plaintiff and without providing Plaintiff with reasonable compensation.

44.

As a direct and proximate result of Defendants conduct Plaintiff has suffered damages.

## COUNT FIVE—FALSE LIGHT

45.

The Plaintiff hereby adopts and incorporates by reference in this Count Five, the allegations contained in the Paragraphs set forth above.

46.

This cause of action is based on the false light doctrine of invasion of privacy.

47.

Defendants have used Plaintiff's image and likeness on the cover of their video, DVD to wit "Girls Gone Wild - Best of Ultimate Spring Break Volume 2." Defendants have featured Plaintiff on the cover of said videos and DVDs as an advertisement and promotional feature. Furthermore, Plaintiff has reasonable belief that her image and likeness has otherwise been used as promotional advertisement purposes for this and other similar videos/ DVDs of Defendants.

48.

Defendants have used Plaintiff's likeness and image for their commercial and advertising gain without consent of Plaintiff in a manner so that it implies that she has endorsed the product

and all of the conduct which is depicted within the body of said film, video or DVD, including graphic sexual conduct and acts of lesbianism. Plaintiff does not endorse the product and all of the conduct which is depicted within the body of said film, video or DVD.

49.

Defendants' past and continuous acts of publicly disseminating Plaintiff's photograph and likeness on the cover of their videos and in other materials has and continues to falsely paint Plaintiff in a light that is highly offensive to a reasonable person like Plaintiff, who is seriously offended and aggrieved by such publicity.

50.

Defendants had knowledge of or acted with complete disregard as to the falsity by which Plaintiff was depicted in their videos and products as she at no time consented to videos or photographs of her exposed breasts being publish and republished across the country and the world, nor has Plaintiff ever endorsed Defendants' products, which contain videos and photographs of minors, as well as videos and photographs of women performing lesbian acts.

51.

As a direct and proximate cause of Defendants' gross misrepresentation of Plaintiff's image, character and beliefs, Plaintiff has been, at a minimum, embarrassed and humiliated, and has thusly suffered and will continue to suffer damages.

WHEREFORE, Plaintiff prays that:

(a) Plaintiff be awarded damages in an amount to be proven at trial for the Defendants' unauthorized use of Plaintiff's image and likeness and unjust enrichment;

(b)  Plaintiff be awarded damages in an amount to be proven at trial for Defendants' violation of Florida's Deceptive and Unfair Trade Practices Act;

(c)  Plaintiff be awarded damages in an amount to be proven at trial for Defendants' commercial misappropriation of Plaintiff's likeness;

(d)  Punitive damages, in an amount to be determined by the enlightened conscience of the jury or fact finder, be imposed against Defendants as their actions were willful, wanton, and in reckless disregard for the health, safety and well-being of Plaintiff;

(e)  Plaintiff be awarded her reasonable and necessary attorneys' fees in an amount to be proven at trial; and

(f)  Any other relief as this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

This 11th day of July, 2007.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

_/s/ L. Burkhalter_
LAWRENCE E. BURKHALTER, ESQ.
Florida Bar Number: 186104
Attorneys for Plaintiff
2601 South Bayshore Drive, Suite 850
Miami, FL 33133-5412
Phone: 305-455-9500
Fax: 305-455-9501