IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRITTANY PITTS,
    Plaintiff,

v.                                Case No. 5:07cv169/RS/EMT

JOSEPH R. FRANCIS, et al.,
    Defendants.
_____/

## O R D E R  ON  MOTION  TO  COMPEL
## AND  INCORPORATED  PROTECTIVE  ORDER

       This cause is before the court upon "Plaintiff's Motion to Compel [Defendants'] Responses to Initial Interrogatories and Request for Production and to Overrule Defendants' Objections to Initial Interrogatories and Request for Production" (Doc. 36), and Defendants' response and supplemental response thereto (Docs. 39, 41).

I.    BACKGROUND

       In this diversity action, Plaintiff alleges that in April 2003, while on vacation in Panama City Beach, Florida, Defendant Joseph R. Francis ("Francis") and another "Girls Gone Wild" ("GGW") employee approached her on the beach and coerced her into exposing her breasts on film in exchange for a t-shirt.  Plaintiff contends that she did not consent to be filmed and was sixteen years old at the time of the alleged incident.  Plaintiff's image was displayed on the cover of a GGW video and DVD, entitled "GGW — Best of Ultimate Spring Break Volume 2," which were sold and distributed throughout the United States and the world.  The amended complaint asserts claims for unjust enrichment; violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. 501.201 *et seq.*; unauthorized publication of likeness under Fla. Stat. § 540.08; commercial misappropriation of one's likeness; and the false light doctrine of invasion of privacy (*see* Doc. 15).

II.     CONTROLLING LAW

The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1). The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *See* United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958). Courts construe relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)). Relevant information is discoverable even if it is not admissible at trial, "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Federal Rules of Civil Procedure strongly favor full discovery whenever possible. *See id.*; Moore v. Armour Pharmaceutical Co., 927 F.2d 1194, 1197 (11th Cir. 1991). In addition, "discovery is not limited to issues raised by the pleadings." Oppenheimer, 437 U.S. at 351. Finally, discovery is expected to be accomplished voluntarily with minimal judicial intervention. *See* Bell v. Brary and Gillespie, LLC, No. 6:05-CV-355-ORL-19JG, 2006 WL 923741, *1 (M.D. Fla. 2006).

The Federal Rules provide that a party may serve written interrogatories on a party, related to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a). The responding party must serve its answers and any objections within thirty (30) days, and "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b). Thus, answers should be complete in and of themselves. Incorporation by reference to a separate document is not a responsive answer. *See* Dipietro v. Jefferson Bank, 144 F.R.D. 279, 282 (E.D. Pa. 1992) (noting general rule that answers to interrogatories should be complete in and of themselves, and should not refer to pleadings, depositions, or other documents) (citing 4 James Wm. Moore *et al.*, Moore's Federal Practice (2d ed. 1989)).

Similarly, the Rules provide that a party may serve requests for production of documents which are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "Control is defined not only as possession, but as the legal right to obtain the documents requested

upon demand." Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984). The response, due within thirty (30) days of being served, shall state that inspection and related activities will be permitted as requested, unless the request is objected to, in which case the reasons for objection shall be stated. Fed. R. Civ. P. 34(b)(2). If the documents for production are not in existence, the objecting party should so state under oath. *See* Cairnes v. Chicago Exp., Inc., 25 F.R.D. 169, 170 (N.D. Ohio 1960). An evasive or incomplete answer to a request for production is to be treated as a failure to answer. Fed. R. Civ. P. 37(a)(4). If a party fails to answer a request for production, the discovering party may move for an order compelling a response. Fed. R. Civ. P. 37(a)(3). Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. *See* Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *Id.*

Additionally, Rule 33(b)(4) of the Federal Rules of Civil Procedure provides that "[a]ny ground [for an objection to an interrogatory] not stated in a timely objection [i.e., thirty days] is waived unless the court, for good cause, excuses the failure" (emphasis added). Rule 34 contains a similar requirement that objections to requests for production be timely and stated with reasons, and the Advisory Committee Notes to the 1970 Amendment state that this subdivision "is essentially the same as that in Rule 33 . . . ." Thus, as a general rule, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived. *See* In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989). This is so even though a party had an objection to make. *See* Jaffe v. Grant, 793 F.2d 1182, 1190 n.6 (11th Cir. 1986) (objection based on Fifth Amendment waived by failure to timely assert such privilege in response to discovery); Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540, 542 (10th Cir. 1984) (same as to work product).

Within this framework, and as supplemented where necessary, the court will address the issues raised in Plaintiff's motion to compel and Defendants' responses thereto.

III.   DISCUSSION

Plaintiff seeks on order compelling Defendants to produce documents responsive to her first requests for production (RFPs) and answers responsive to her first set of interrogatories. In response

to an order of the court requiring Defendants to reply to Plaintiff's motion to compel (Doc. 37) and an order urging the parties to resolve the discovery dispute without further intervention of the court (Doc. 38), Defendants submitted both a response and a supplemental response to Plaintiff's motion (Docs. 39, 41).  As an officer of the court, Defendants' counsel has advised that many of the issues regarding Plaintiff's motion to compel were resolved during conference calls between counsel for both parties on May 19, 2008 (Doc. 39 at 10).  Further, Defendants' counsel has outlined the remaining issues to be resolved by the court as follows:  (A) whether discovery related to Defendants' financial worth is appropriate, (B) whether Defendants have waived their objections to Plaintiff's discovery requests because Defendants' objections are untimely, and (C) whether Plaintiff is entitled to a privilege log (*id*. at 11–12).

    A.    Financial Worth

Defendants submitted a supplemental response to Plaintiff's motion to compel (Doc. 41), in which Defendants' counsel indicates that the parties have agreed to the entry of a protective order, which would resolve issues related to the discovery of Defendants' financial information.  The general terms of the protective order, as proposed by the parties, provide that Defendants will produce interrogatory responses and financial worth documents for the relevant time period under seal with the court (Doc. 41 at 4, Ex. A).  Thus, pursuant to the agreement, Defendants shall file under seal financial information, responsive to Plaintiff's discovery requests, on or before **June 6, 2008**.[1]  The information will remain under seal, and it will be subject to the agreed-upon terms of the parties' protective order; to wit:

    1.    Defendants agree to produce for the relevant time period an interrogatory response and financial net worth documents under seal with the Court subject to strict confidentiality, [i.e., limited to review by] counsel and their experts only;
    2.    Those items referred to with respect to any defendants then remaining, so long as there are punitive damage allegations and claims still pending against those defendants.
    3.    Further, at defendants' expense any witness necessary to testify with respect to those documents would be produced at plaintiff's

---

[1] Although this date is beyond the discovery deadline, <u>the court is not extending the discovery deadline</u>; the court is simply permitting Defendants to respond to this limited matter beyond the discovery deadline.

Case No. 5:07cv169/RS/EMT

>     convenience in either Northern Florida or Columbus, Georgia or Atlanta prior to the time of trial.

(Doc. 41 at 2; *see also* Doc. 41, Ex. A).

    B.    Timeliness of Defendants' Objections

Plaintiff contends that her first RFPs and Interrogatories were submitted to Defendants on March 21, 2008, making Defendants' responses to each due April 21, 2008 (Doc. 36 at 1). Subsequently, Plaintiff agreed to an extension, permitting Defendants to respond by April 28, 2008 (*id.* at 2). Plaintiff further contends that Defendants' counsel hand-delivered objections to the RFPs and Interrogatories on May 2, 2008, but failed to produce any discovery other than video footage depicting Plaintiff (*id.*). Thus, Plaintiff contends that in addition to being inadequate, Defendants' objections are untimely.

In response, Defendants assert that Plaintiff's requests were received by U.S. Mail on March 24, 2008, not March 21, 2008, but Defendants do not dispute Plaintiff's contention that an extension for responding to the requests, to April 28, 2008, was agreed upon by the parties (*see* Doc. 39). Defendants then acknowledge that their objections were delivered to Plaintiff on May 2, 2008, four days beyond the agreed-upon date for responding, and that only raw footage was produced to Plaintiff at that time because the footage was the "only item[] located by Defendants at that time that [was] responsive to the requests" (Doc. 39 at 2). Defendants further acknowledge that the responses provided to Plaintiff on May 2, 2008, did not contain an original signature line and that the objections were provided to Plaintiff's counsel "as a courtesy to advise him of the general basis of [Defendants'] objections, to object to the Interrogatories, and to advise him that the Defendants would produce" only certain Rule 30(b)(6) witnesses (*id.* at 3). Finally, Defendants contend that the discovery responses that had been provided in "draft form" on May 2, 2008, were ultimately provided in "comprehensive form" on May 15, 2008, and in an amended supplemental disclosure on May 20, 2008, and they "should be accepted as timely filed" (*id.* at 3–4). In mitigation for providing untimely responses, Defendants' counsel contends that she picked a jury for a murder trial on March 31, 2008, and tried the case on April 3 and 4, 2008, and further, that she was on vacation from April 5th through the 11th and again on April 16th through the 22nd (*id.* at 2). Moreover, Defendants' counsel contends that the court should consider that Plaintiff's "requests were served

almost six (6) years after the events alleged in the Complaint took place, which makes it difficult to locate records and information in a quick manner" (*id.* at 39). Additionally, Defendants' counsel has described the nature of Defendants' responses that were ultimately provided (i.e., by May 20, 2008, forty-two (42) pages of interrogatory responses and fifty-three (53) pages of document responses were provided) and the process by which these responses were obtained (i.e., she had to communicate "back and forth" with Defendants' counsel in California to formulate and discuss each response) (*id.* at 4).

Initially, there is no dispute that Defendants' responses were untimely, and as noted *supra*, Rule 33(b)(4) provides that "[a]ny ground [for an objection to an interrogatory] not stated in a timely objection [i.e., thirty days] is waived unless the court, for good cause, excuses the failure" (emphasis added). Rule 34 contains a similar requirement that objections to RFPs be timely and stated with reasons. Here, the court finds that Defendants have failed to show good cause for failing to state a timely objection, or responding, to each of Plaintiff's discovery requests. Thus, Defendants' objections are waived, and Defendants shall immediately respond to any of Plaintiff's unanswered discovery requests (except those to which Defendants have claimed a privilege exists, as discussed *infra*).

        C.        Defendants' Privilege-Related Objections

Plaintiff alleges that the court should find Defendants' objections regarding privileged material to be insufficient because Defendants failed to identify the privileged documents in a timely manner by submitting a privilege log. Defendants admit that no privilege log was produced, but allege that a request for a privilege log is "unduly burdensome in light of the work product doctrine, attorney-client privilege, and other privileges protecting such internal documents from discovery" (Doc. 39 at 6).

Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure requires that:

> [w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>     (i) expressly make the claim; and
>     (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will

enable other parties to assess the claim.

Thus, to preserve the privilege, the objecting party must provide a log or index of withheld materials that includes for each separate document, the authors and their capacities, the recipients (including copy recipients) and their capacities, the subject matter of the document, the purpose for its production, and a detailed, specific explanation of why the document is privileged or immune from discovery.  *See* Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, 230 F.R.D. 688, 695 (M.D. Fla. 2005).  General or blanket claims of privilege are insufficient for a party to withhold materials under a claim of privilege.  *Id.*  Failure to provide a privilege log does not result in an automatic waiver of the privilege.  Rather, courts apply a holistic analysis taking into account several factors to determine whether the privilege has been waived.  *See id.* (citing Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005)).

Here, Defendants failed to comply with Rule 26(b)(5)(A) because they only generally asserted a claim of privilege without providing a log or otherwise complying with the Rule.  To the extent the documents being withheld by Defendants under a claim of privilege are the same financial documents subject to the agreed-upon protective order, Defendants have already been ordered to produce those documents, under seal, on or before June 6, 2008 (*see supra*).  As to other allegedly privileged documents, Defendants contend that there are no documents that are relevant to this litigation from March 30, 2002 (the date Plaintiff was filmed) and before May 14, 2007 (the date of the first communication by Plaintiff's counsel with Defendants), other than those that have previously been produced (Doc. 39 at 5).  To the extent the RFPs and interrogatories call for documents that do not exist, the court cannot compel that they (or a corresponding privilege log) be produced.  Thus, Plaintiff is not entitled to an order compelling Defendants to produce documents from the time period of March 30, 2002 through May 14, 2007.  However, Defendants are under a continuing obligation to produce responsive documents.  Thus, should Defendants discover that responsive documents do indeed exist for this time frame, Defendants shall be required to immediately produce these documents to Plaintiff.  Next, as to documents created after May 14, 2007, Defendants generally assert that Plaintiff's requests are overbroad and seek production of documents prepared in anticipation of litigation, and therefore, the documents are protected by

attorney-client privilege — even though Defendants have yet to produce a privilege log (*id.*).

In undertaking its "holistic analysis," to determine whether Defendants have waived privileges by failing to produce a privilege log (or providing a log that fails to comply with the Rule), the court should consider the following factors:

> the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard.

Universal City, 230 F.R.D. at 695.

The above factors weigh in favor of a finding that Defendants have waived any privilege by failing to produce a privilege log regarding documents created after May 14, 2007.  Initially, Defendants' responses do not realistically permit this court or counsel for Plaintiff to evaluate whether the withheld documents are indeed privileged, as they only generally assert a privilege and do not identify the nature of any particular document being withheld (*see, e.g.*, Doc. 36, Ex. A). Next, Defendants' objections are untimely.  Indeed, regardless of when Defendants actually received Plaintiff's requests (i.e., whether it was March 21 or March 24, 2008), the parties agreed upon an extension to April 28, 2008 for Defendants to respond to Plaintiff's requests.  Nevertheless, Defendants failed to provide responses until May 2, 2008, four days after the agreed-upon extension, and then provided responses that were unsigned and in draft form only.  Plaintiff did not receive (what Defendants deem to be) complete discovery responses until May 20, 2008, and despite Plaintiff's motion to compel (which was filed on May 15, 2008 and specifically points out Defendants' failure to produce a log (*see, e.g.*, Doc. 36 at 4)), Defendants still have not provided a privilege log. Defendants' allegation that producing a privilege log is "unduly burdensome in light of the work product doctrine, attorney-client privilege, and other privileges protecting such internal documents from discovery" (*see* Doc. 39 at 6) has no basis in law and runs afoul of the very specific requirements of Rule 26(b)(5)(A).  The third factor to consider, the magnitude of the document

production, is difficult to weigh, as Defendants' objections do not suggest the number of withheld documents, but based on this court's experience it does not appear that the instant case would involve the production of an extraordinary number of documents, especially considering that the court here is considering only documents created after May 14, 2007.  Finally, regarding the "particular circumstances" of this litigation, including whether the same documents were the subject of discovery in an earlier action, the court notes Defendants' admission that they "have multiple litigation pending in many States" (Doc. 36, Ex. A, ¶ 4(e)).  Thus, although the court cannot determine whether the requested documents in the instant case have been produced in another action, Defendants are not strangers to the court system and would certainly be on notice of the need to comply, and timely comply, with the Federal Rules of Civil Procedure, the Local Rules of this court, and the deadlines imposed by the District Court.  Thus, the court concludes that as to documents created after May 14, 2007, Defendants have waived any privilege and shall be required to immediately produce to Plaintiff documents responsive to her discovery requests.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Compel Discovery from Defendants (Doc. 36) is **GRANTED** in part and **DENIED** in part as outlined in the body of this order.

2. A protective order, incorporated in the body of this order, is hereby **ENTERED**.

3. As outlined in the body of this order, Defendants shall file under seal financial information, responsive to Plaintiff's discovery requests, on or before **June 6, 2008**.  The financial information is subject to the terms of the incorporated protective order.

**DONE AND ORDERED** this 28th day of May 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**