# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

BRITTANY PITTS,

     Plaintiff,

vs.                                 CASE NO. 5:07cv169/RS/EMT

JOSEPH R. FRANCIS; MRA
HOLDING, LLC, a California Limited
Liability Company; and MANTRA FILMS
INC., an Oklahoma Corporation,

     Defendants.

_____/


## ORDER

     Before me are Defendant Joseph R. Francis' Motion to Drop Party, Joseph

R. Francis, and to Strike References to this Party in the Pleading (Doc. 48), which I

have construed as a motion for summary judgment (Doc. 59), and Plaintiff's

Response to Defendant Joseph R. Francis' Motion to Drop Party / Motion for

Summary Judgment (Doc. 64).

     Under the Rule 56(c) of the Federal Rules of Civil Procedure, summary

judgment should be granted when "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265

(1986).  The "purpose of summary judgment is to pierce the pleadings and to

assess the proof in order to see whether there is a genuine need for trial."

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct.

1348, 1356, 89 L. Ed. 2d 538 (1986) (*quoting* Advisory Committee Note to 1963

Amendment of Fed. R. Civ. P. 56(e)).  A factual dispute is "'genuine' if the record

taken as a whole could lead a rational trier of fact to find for the nonmoving party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.

Ed. 2d 202 (1986).  A fact is "material" if it "might affect the outcome of the suit

under the governing [substantive] law." *Tipton v. Bergrohr GMBH-Siegen*, 965

F.2d 994, 998 (11th Cir. 1992).

The basic issue before the court on a motion for summary judgment is

"whether the evidence presents a sufficient disagreement to require submission to a

jury or whether it is so one-sided that one party must prevail as a matter of law."

*Anderson*, 477 U.S. at 251, 106 S. Ct. at 2512.  The moving party has the burden of

showing the absence of a genuine issue as to any material fact, and in deciding

whether the movant has met this burden, the court must view the movant's

evidence and all factual inferences arising from it in the light most favorable to the

nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993); *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). Thus, "[i]f reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, "[a] mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251, 106 S. Ct. at 2511).

Defendant Francis contends that he was not in Panama City, Florida at the time Plaintiff contends all the alleged events occurred. Defendant's whereabouts are an issue of fact for the jury to decide. Defendant Joseph R. Francis' Motion to Drop Party, Joseph R. Francis, and to Strike References to this Party in the Pleading (Doc. 48) is **denied.**

**ORDERED** on July 1, 2008.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**