IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRITTANY PITTS,
    Plaintiff,

vs.                                    Case No. 5:07cv169/RS/EMT

JOSEPH R. FRANCIS, et al.,
    Defendants.

_____/

**O R D E R**

       This cause is before the court on "Plaintiff's Motion for Sanctions Pursuant to FRCP 37," as well as "Plaintiff's Brief in Support of Motion for Sanctions . . ." (Doc. 45).  Plaintiff requests that this court sanction Defendants pursuant to Rule 37 of the Federal Rules of Civil Procedure by striking Defendants' answer and ordering that Defendants pay all expenses and fees incurred by Plaintiff as a result of Defendants' failure to produce Joseph R. Francis ("Francis") at his deposition, including the time spent preparing the instant motion for sanctions (Doc. 45, Brief in Support at 24). Plaintiff alleges that problems associated with Francis's failure to appear were compounded by the fact that Defendants were served with Rule 30(b)(6) deposition notices for depositions on the same date, but the corporate representatives provided by Defendant were wholly inadequate (*see id.* at 5–17, Exs. C, E, F).

       In support of the request for sanctions, Plaintiff specifically alleges that on May 1, 2008, she noticed Francis for a deposition that was to occur on May 21, 2008 (*id.* at 1–2).  Plaintiff provided an amended deposition notice on May 8, 2008, in order to correct a scrivener's error on the original notice that indicated that the time of the deposition was 9:00 p.m. instead of 9:00 a.m. (*id.* at 1).  The notice of deposition stated that the deposition would take place in Santa Monica, California at the law office of Michael K. Burke, counsel for Defendants (*see* Doc. 40, Ex. E; *see also* Doc. 45, Brief

in Support at 2).  Despite being noticed well in advance, Francis failed to appear for his deposition without seeking a protective order from the court <u>prior to his non-appearance</u>.  Instead, Defendants filed an emergency motion to quash Francis' amended notice of deposition <u>after</u> the stated time for his deposition; specifically, at 5:21 p.m. CST on May 21, 2008 (*see* Doc. 40).  Defendants also filed a supplemental motion to quash Francis' amended notice of deposition on May 22, 2008 (*see* Doc. 42).  The undersigned denied both motions to quash on May 28, 2008 (Doc. 43).[1]

Regarding the corporate representatives, Defendants produced witnesses that were recently hired by Defendants, who were not employed by Defendants during the relevant time frame, and who could not answer nearly all of the pertinent questions posed by counsel for Plaintiff (*see* Doc. 45, Exs. C, E, F).  Defendants did so despite the fact that Plaintiff's 30(b)(6) notices described "with reasonable particularity the matters for examination," as required by the Rule (*see* Doc. 45, Brief in Support at 5–17).[2]

The Federal Rules of Civil Procedure allow the court to impose sanctions upon a party's failure to attend its own deposition.  Fed. R. Civ. P. 37(d).  Although the Federal Rules provide that the court may impose a variety of sanctions, Plaintiff has requested that the court strike Defendants' answer as well as order Defendants to pay all expenses and fees caused by Francis' failure to appear for the deposition (*see* Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi) and (d)(3)).  After careful consideration, the court finds that the extreme sanction of striking Defendants' answer does not appear to be warranted <u>at this juncture</u>; however, the discovery deadline will be extended for the sole purpose of allowing Plaintiff to depose Francis and corporate representatives who possess information that is <u>responsive</u> to Plaintiff's Rule 30(b)(6) notices.  Additionally, Plaintiff may take the depositions at a place convenient to Plaintiff's counsel (i.e., Miami or Panama City, Florida) and need not again travel to California.

---

[1]The basis for the court's ruling is fully set out in the order denying the motions to quash (*see* Doc. 43) and need not be repeated here.

[2]In short, Plaintiff's motion and exhibits demonstrate that Defendants produced corporate representatives whose testimony was completely inadequate (*see* Doc. 45, Exs. C, E, F).  The court finds this conduct unacceptable.  Plaintiff is clearly entitled to depose corporate representatives who have knowledge of the topics Plaintiff outlined in her 30(b)(6) notices.

Case No.: 5:07cv169/RS/EMT

Finally, Plaintiff seeks an order requiring Defendants to pay all expenses and fees caused by Francis's failure to appear for his deposition (Doc. 45, Attach. 1 at 24). Although the court finds that Plaintiff failed to confer with Defendants prior to filing the motion for sanctions as required, the court believes that monetary sanctions are nevertheless appropriate; therefore, Plaintiff is entitled to fees and expenses incurred in traveling to and from Santa Monica, California, as well as the time incurred in preparing the instant motion for sanctions (*see* Fed. R. Civ. P. 37(d)(1)(B) and N.D. Fla. Loc. R. 7.1(B)).[3]

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Sanctions (Doc. 45) is **GRANTED in part** and **DENIED in part** as outlined in the body of this order.

2. Within **TEN (10) DAYS** of the date of docketing this order, Plaintiff shall submit documentation of fees or expenses incurred in traveling to and from Santa Monica, California, time spent awaiting or taking depositions in California, and reasonable attorney's fees associated with preparing Plaintiff's motion for sanctions.

3. This discovery deadline is hereby extended to **JULY 15, 2008** for the sole purpose of taking the depositions of Defendants' corporate representatives and Defendant Francis, as outlined in the body of this order.

**DONE AND ORDERED** this 3rd day of July 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] This includes time spent waiting for Francis to appear at the deposition and time spent deposing Defendant's purported "corporate representatives," as those depositions were essentially a waste of time.

Case No.: 5:07cv169/RS/EMT