IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRITTANY PITTS,
    Plaintiff,

vs.                              Case No. 5:07cv169/RS/EMT

JOSEPH R. FRANCIS, et al.,
    Defendants.
_____/

**O R D E R**

      This cause is before the court on Defendants' Motion for Sanctions Pursuant to Rule 37 (Doc. 62). Defendants generally seek sanctions for Plaintiff's failure to abide by the "continuing disclosure requirement of Rule 26" (*id.* at 1). In support of their motion, Defendants specifically allege that Plaintiff misidentified witnesses by name, failed to provide correct contact information for certain witnesses, and failed "to make available the people that she identified in her initial disclosures as witnesses to testify on her behalf as her counsel had agreed to produce without service of subpoena" (*id.*). Defendants' motion then provides approximately twelve (12) pages of factual support for the allegations (*id.* at 2–15). Included in the factual support is a footnote indicating that despite difficulties in securing the presence of certain witnesses, "most of the pertinent witnesses [were] located, served, and they appeared on June 4, 5, 6, and 9th" (*id.* at 4, n.2). Also included in the factual support is Defendants' description of their "last minute" need to obtain a court reporter (i.e., apparently just prior to the depositions that were to occur on May 2, 2008) because Plaintiff failed to obtain a court reporter (*id*. at 6). Defendants explain that the court reporter they obtained at the last minute was "new" and "less than competent," and  therefore, they had to wait three weeks to obtain an expedited transcript, and the delay in receiving the transcript "has been catastrophic" (*id.*). Defendants have not explained, however, why the delay has been catastrophic; nor have they alleged that Plaintiff would have been able to obtain a more experienced or more competent court

reporter.

Histrionics aside, Defendants have failed to establish entitlement to the sanctions they seek. Although Defendants' motion is seventeen (17) pages in length, exclusive of attachments, the only legal support offered for Defendants' position is a reference to Rules 26 and 37 of the Federal Rules of Civil Procedure (*see* Doc. 62).

Rule 26 provides, in pertinent part:

Supplementing Disclosures and Responses.
(1) In General. A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
  (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
  (B) as ordered by the court.

Fed. R. Civ. P. 26(e).

Rule 37 provides, in pertinent part:

Failure to Disclose, to Supplement an Earlier Response, or to Admit.
(1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
  (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
  (B) may inform the jury of the party's failure; and
  (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

Fed. R. Civ. P. 37(c).

Defendants' motion does not establish that Plaintiff learned that in some material respect her Rule 26 disclosures or responses were incomplete or incorrect <u>and</u> that the additional or corrective information had not otherwise been made known to Defendants. However, even if Defendants had established a willful and knowing violation of the duty to supplement disclosures under Rule 26, the undersigned concludes that any such error was harmless. In reaching this conclusion, the court is not unmindful of Defendants' allegations regarding the needless difficulty that ensued as a result of,

for example, transposed numbers and misspelled names (*see, e.g.*, Doc. 62 at 2, n.1 and 5, n.4). Nevertheless, the court cannot conclude that sanctions are warranted under Rule 37.

Accordingly, it is **ORDERED**:

Defendants' Motion for Sanctions Pursuant to Rule 37 (Doc. 62) is **DENIED.**

**DONE AND ORDERED** this <u>15th</u> day of July 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**